Joe P. Josephson, Esq.,
Attorney for Robert McDonald
Josephson & Associates PC
912 West 6th Avenue
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
Alaska Bar Number 6102018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>         Plaintiff,   )<br>)<br>V.                        )<br>)<br>ROBERT McDONALD,          )<br>)<br>         Defendant.  )<br>_____) | Case No. 3:06-cr-00041-06-RBB |

## MOTION FOR RELEASE ORDER

COMES NOW the defendant, ROBERT McDONALD ("McDONALD"), by and through his attorney, the undersigned, and respectfully moves the court for entry of an order releasing him from custody.  The reasons and authorities for this motion follow.

I. Pertinent Facts & Background.

McDONALD has entered into a plea agreement, pled guilty, and is awaiting sentencing.  The sentencing date has been continued at the request of the plaintiff UNITED STATES OF AMERICA ("the government").  Meanwhile, McDONALD, since March, 2006, has been in custody in a federal prison.

Ms. Patricia Wong, Probation Officer employed by United States Probation/Pretrial Services Office, was assigned the task of preparing a pre-sentence report.

(Counsel for the defendant has expressed the view to Ms. Wong, and the United States Attorney, that McDONALD's criminal history category should be considered to be "I", as the result of an amendment, scheduled to take effect on November 1, 2007, to Section 4A1.2(c)(1) of the guidelines). Whether or not that position is ultimately adopted by the court, McDONALD and his counsel are very concerned that the continuation of the sentencing date, for any reason, will deprive McDONALD of the benefit of the bargain he entered into through the plea agreement. Fairness calls for his release from custody, subject, however, to conditions to be imposed by the court.

II. Statutory Authority.

18 U.S.C. 3143 permits the court to release a defendant pending sentence if the court finds by clear and convincing evidence

> "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

If those findings are made, then the same statute provides that

> "such judicial officer shall order the release

>of the person in accordance with section 3142(b) or (c)."

The condition for release under section 3142(b) is that

>"(t)he judicial officer shall order the pretrial release of the person on personal recognizance, or execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and. . . cooperate in the collection of a DNA sample if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 15135a), unless the judicial office determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

Subsection (c) of Section 3142 comes into play only if the judicial officer determines either that the release described in subsection (b) "will not reasonably assure the appearance of the person as required" or "will endanger the safety of any other person in the community. Even if subsection (c) becomes relevant, conditions that can be imposed under it are to be "the **least restrictive** further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 USC 3142(c)(1)(B). (**Emphasis** added).

Although, for the reasons set forth herein, the defendant

submits that his release under subsection (b), standing alone, would reasonably assure his appearance as required and would not endanger the safety of any other person in the community, he accepts and invites a release plan which would require him to:

1. Maintain employment, or, if unemployed, actively seek employment;

2. Abide by specified restrictions on personal associations, place of abode, or travel;

3. Avoid contact with any potential witness in the case or cases involving any co-defendants or alleged conspirators;

4. Refrain from any excessive use of alcohol, or any use of a narcotic drug or other controlled substance, without a prescription by a licensed medical practitioner; and

5. Satisfy any other condition found reasonably necessary by the court to assure his appearance as required and to assure the safety of any other person and the community.

This motion is supported by the affidavit attached and the records and files herein.

DATED at Anchorage, Alaska, this 28th day of September, 2007.

/s/ Joe. P. Josephson
JOE P. JOSEPHSON
Attorney for David Brockway
Josephson & Associates P.C.
912 West Sixth Avenue,
Anchorage, Alaska 99501
Tel: (907) 276-0151
Fax: (907) 276- 0155
E-mail: jjosephson@aol.com
Alaska Bar No.: 6102018

Certificate of Service:

I certify that this document, and the attached affidavit, were transmitted on September ____, 2007, electronically, to Assistant U. S. Attorney Frank Russo, c/o U. S. Attorney, Department of Justice, Anchorage, Alaska.  I further certify that a copy of this document, and the affidavit attached, were transmitted to Mr. Russo through facsimile on September ___, 2007.

/s/ Joe P. Joesphson       .
Joe P. Josephson.